**CONFIDENTIAL SETTLEMENT AGREEMENT AND MUTUAL GENERAL RELEASE**

1. **SETTLEMENT AGREEMENT**: This writing represents the Settlement Agreement between ▮▮▮ and Laurie Dhue ("Dhue," and together with ▮ the "Parties"), and the promises following represent full consideration for the Agreement.

2. **RECITALS**:

   a. On September 10, 2003, ▮ and Dhue executed an employment agreement (as amended on October 25, 2005) (the "Employment Agreement").

   b. On September 12, 2007, the Employment Agreement expired and was not renewed, and Dhue continued to be employed by ▮ until her employment was terminated on March 14, 2008.

   c. On October 4, 2016, Dhue, through her counsel John Balestriere, Esq., sent Fox a draft complaint asserting claims of, *inter alia*, sexual harassment, gender discrimination, tortious interference, blacklisting and retaliation against ▮, as well as William James O'Reilly ("O'Reilly") and ▮▮▮ (the draft complaint, and any and all revisions or amendments thereto, the "Complaint").

   d. On December 19, 2016, the Parties and their counsel met to attempt to resolve this dispute with the assistance of the Honorable Frank Maas ("Judge Maas") as mediator.

   e. The Parties desire to settle fully and finally any differences between them, including, but in no way limited to, any differences in any way related to Dhue's employment, the Employment Agreement, the termination of the Employment Agreement or of Dhue's employment, Dhue's subsequent attempts to render services to, or obtain employment with, ▮ or any present or former ▮-affiliated entity or person, and the Complaint.

3. **PROMISES OF ▮**

   a. Payment to Dhue: In consideration for the promises entered into in this Agreement, ▮ shall pay Dhue ▮▮▮ less withholdings and deductions as required by law, as determined by ▮ in its reasonable discretion, to be paid as follows: (i) ▮▮▮, to be paid within five business days after the Effective Date (as defined in paragraph 8, below), for which an IRS Form W-2 shall be issued to Dhue; (ii) ▮▮▮, in respect of Dhue's attorneys' fees, to be paid within five business days after the Effective Date made payable to Balestriere Fariello (▮▮▮), for which IRS Forms 1099s shall be issued to Dhue and to Balestriere Fariello; (iii) provided that neither Dhue nor any of her agents or representatives breaches any of the provisions of this Agreement, including without limitation, the non-disclosure, confidentiality and non-disparagement provisions set forth in paragraphs 5 and 6 below, the sum of ▮▮▮ to be paid to Dhue one year from

        the Effective Date, for which an IRS Form W-2 shall be issued to Dhue; and (iv) provided that neither Dhue nor any of her agents or representatives breaches any of the provisions of this Agreement, including without limitation, the non-disclosure, confidentiality and non-disparagement provisions set forth in paragraphs 5 and 6 below, the sum of ▮▮▮▮▮ in respect of Dhue's attorneys' fees, to be paid one year from the Effective Date, made payable to Balestriere Fariello (▮▮▮▮▮ ▮▮▮▮▮), for which IRS Forms 1099s shall be issued to Dhue and to Balestriere Fariello. All payments described in this paragraph shall be made to an account belonging to Balestriere Fariello. For the avoidance of doubt, Dhue is responsible hereunder for any disclosure of confidential information: (i) made by Dhue or her agents or representatives, or (ii) made by anyone to whom Dhue or her agents or representatives provided such confidential information. It is understood and agreed that ▮ is not liable for the apportionment of any of the settlement sum as between Dhue and any other person or entity. Dhue acknowledges and warrants that, except as explicitly provided in this Agreement, she is entitled to no additional payments of any type, including but not limited to wages, overtime, severance, or sick days.

   b.     Notwithstanding that ▮ shall withhold amounts from the payments described in paragraph 3(a) with respect to applicable tax withholdings, Dhue shall be responsible for the payment of all appropriate federal, state, and local income taxes required to be paid with respect to those payments (excluding ▮ s share of all FICA and other payroll taxes). Dhue further agrees to indemnify and hold the Released Parties, as defined in paragraph 4(a), harmless against any and all claims by the Internal Revenue Service, or any other taxing authority and/or any other governmental agency (whether federal, state or local), which may be made against ▮ arising out of or relating to Dhue's improper reporting of any amounts to the Internal Revenue Service, or any other taxing authority or other governmental agency, and agrees to reimburse ▮ for any resulting payments, including without limitation, for all penalties, fines, interest, costs or other assessments (exclusive of ▮'s share of all FICA and other payroll taxes).

**4.**    **PROMISES OF DHUE**:

   a.     <u>Release by Dhue</u>: Dhue (on behalf of herself and all her heirs, assigns, legal representatives, successors in interest, or any person claiming through her) releases ▮ and its divisions, subsidiaries, parents and all other affiliated corporations, as well as all their current and former employees, officers, directors, agents, shareholders, attorneys (including without limitation all partners, associates, and other employees of Dechert LLP), accountants, partners, insurers, advisors, partnerships, assigns, successors, heirs, predecessors in interest, joint venturers, and affiliated persons, O'Reilly, and all of his heirs, assigns, legal representatives, successors in interest, or any person claiming through him and ▮ and all of his heirs, assigns, legal representatives, successors in interest, or any person claiming through him (collectively "Released Parties") from all liabilities, causes of actions, charges, complaints, suits, claims, obligations, costs, losses, damages, injuries, rights, judgments, attorneys' fees, expenses, bonds, bills, penalties, fines, liens, and all other legal responsibilities of any form or nature whatsoever, whether known or

unknown, suspected or unsuspected, fixed or contingent, which she has or had or may claim to have by reason of any and all matters from the beginning of time through the date of her execution of this Agreement (hereinafter "Released Actions"), including but not limited to those arising from Dhue's employment at ▮ the termination of Dhue's employment at ▮, the Employment Agreement, Dhue's efforts to render services to, or obtain reemployment with ▮ or any present or former ▮-affiliated person or entity or any other entity (whether or not related to ▮), and the Complaint.  Finally, Dhue acknowledges and warrants that she does not currently suffer from any work-related injuries, and that she is fully recovered from any previous work-related injuries she may have sustained during the performance of her services for ▮  <u>In short, Dhue (on behalf of herself and the others described above) hereby knowingly and voluntarily releases any and all claims she has or may have against ▮ and the other Released Parties arising from the beginning of time through the date of her execution of this Agreement</u>.

    i.    <u>Knowing and Voluntary Discrimination Release</u>: **Dhue is hereby advised to consult with her attorney carefully prior to signing this Agreement because she is permanently giving up significant legal rights.**  Dhue specifically intends to include, as a Released Action, any claims related to race, color, ancestry, national origin, sex, pregnancy, disability, medical condition, religion, age, sexual orientation, or marital status, discrimination in employment under Title VII of the 1964 Civil Rights Act, the Age Discrimination in Employment Act, as amended by the Older Workers' Benefit Protection Act of 1990 (the "ADEA"), the New York State Human Rights Law, the New York City Human Rights Law, the New York Labor Code, the New York Whistleblower Protection Law, the New York Civil Rights Law (N.Y. Civ. Rts. § 1 *et seq*.), the New York AIDS/HIV confidentiality law (N.Y. Public Health Law §2780, the New York Equal Pay Law, the Equal Pay Act, the Americans with Disabilities Act, the Fair Labor Standards Act or any other law, regulation, ordinance, or common law breach of contract, or tort claim that may have arisen before the effective date of this Agreement, including but not limited to those arising from or related to Dhue's services to ▮ or the termination of Dhue's employment.

    ii.    <u>Age Discrimination in Employment Act of 1967</u>:  Dhue hereby acknowledges that she understands that the preceding paragraph 4(a)(i) brings about a release of any claim that Dhue may have based on the ADEA, any other statute or the common law, and that the total amount described in paragraph 3(a) includes additional consideration paid by ▮ (beyond that which would have otherwise been paid) in order to effect a valid waiver of her claims under the federal age discrimination laws.  Dhue also acknowledges that she was given a reasonable time (a minimum of 21 days, if she chooses) to consider this Agreement before she signed it.  Dhue agrees that changes made to this Agreement, whether material or immaterial, do not restart the aforementioned twenty-one (21) day period. Should Dhue wish to revoke her release of such claims (based on the ADEA), Dhue may

3

do so for seven days following Dhue's signing of this Agreement. Nothing in this Agreement shall limit or restrict Dhue's right to challenge the validity of the release in this Agreement under the ADEA before the EEOC or in a court of law, provided that Dhue agrees that she will not seek or accept any relief obtained on her behalf by any government agency, private party, class, or otherwise with respect to any claims released in this Agreement.

    iii.    <u>Extent of General Release by Dhue</u>. Dhue agrees and acknowledges that the general release in paragraph 4 applies not only to claims that are presently known, suspected or disclosed to Dhue, but also to claims that are presently unknown, unsuspected or undisclosed to Dhue. Dhue hereby acknowledges that she is aware of the provisions of Section 1542 of the California Civil Code regarding the effectiveness of this Agreement on unknown or unsuspected claims and hereby knowingly waives its protection. Section 1542 provides:

> **A general release does not extend to claims which the creditor does not know or suspect to exist in his or her favor at the time of executing the release, which if known by him or her must have materially affected his or her settlement with the debtor.**

Dhue acknowledges that she is assuming the risk that the facts may turn out to be different from what she believes them to be and agrees that the release in paragraph 4 shall be in all respects effective and not subject to termination or rescission because of such mistaken belief.

For the avoidance of doubt, nothing herein shall affect the choice of law provision set forth in paragraph 7(a) of this Agreement.

b.    <u>Release by ▮. ▮</u> and its divisions, subsidiaries, parents and all other affiliated corporations as well as their current and former employees, officers, directors, agents, shareholders and attorneys release Dhue (and all her heirs, assigns, legal representatives, successors in interest, or any person claiming through her) from all Released Actions, including but not limited to those arising from the Employment Agreement, Dhue's employment at ▮ the termination of Dhue's employment at ▮ Dhue's efforts to render services to, or obtain reemployment with, ▮ or any present of former ▮-affiliated entity or person and the Complaint.



c.    <u>Extent of General Release by ▮. ▮</u> agrees and acknowledges that the general release in paragraph 4 applies not only to claims that are presently known, suspected or disclosed to it, but also to claims that are presently unknown, unsuspected or undisclosed to it. ▮ hereby acknowledges that it is aware of the provisions of Section 1542 of the California Civil Code regarding the effectiveness of this Agreement on unknown or unsuspected claims and hereby knowingly waives its protection. Section 1542 provides:

> **A general release does not extend to claims which the creditor does**

>     **not know or suspect to exist in his or her favor at the time of executing the release, which if known by him or her must have materially affected his or her settlement with the debtor.**
>
>     ▓ acknowledges that it is assuming the risk that the facts may turn out to be different from what it believes them to be and agrees that the release in paragraph 4 shall be in all respects effective and not subject to termination or rescission because of such mistaken belief.
>
>     For the avoidance of doubt, nothing herein shall affect the choice of law provision set forth in paragraph 7(a) of this Agreement.

5. **OTHER PROMISES OF DHUE:**

    a.  <u>Survival of Employment Agreement Obligations.</u>  Dhue shall adhere to her obligations contained in paragraph 11 (Confidentiality) of the Employment Agreement. Dhue further acknowledges and agrees that ▓ retains all of its rights contained in paragraph 3 (Ownership) and paragraph 4 (Rights) of the Employment Agreement's Standard Terms and Conditions. Notwithstanding anything in this Agreement or any other agreement between Dhue and ▓ or any of its affiliates, in accordance with the Defend Trade Secrets Act of 2016, (i) Dhue shall not be held criminally or civilly liable under any federal or state trade secret law for the disclosure of a trade secret that: (a) is made (I) in confidence to a federal, state or local government official, either directly or indirectly, or to an attorney, and (II) solely for the purpose of reporting or investigating a suspected violation of the law; or (b) is made in a complaint or other document filed in a lawsuit or other proceeding, if such filing is made under seal, and (ii) if Dhue files a lawsuit for retaliation by ▓ for reporting a suspected violation of the law, she may disclose a trade secret to her attorney and use the trade secret information in the court proceeding, if she files any document containing the trade secret under seal and does not disclose the trade secret except pursuant to court order. For the avoidance of doubt, nothing in the preceding sentence is meant to affect the generality of the release in this Agreement.

    b.  <u>Litigation.</u>  Dhue agrees to cooperate in any litigation brought against ▓ ▓▓▓▓▓ ▓▓▓▓▓▓▓▓▓▓ and respective divisions, subsidiaries, parents and all other affiliated corporations, including their current or former directors, officers, and employees, including by meeting with defense counsel and by providing truthful testimony at deposition, hearing or trial. ▓ agrees to pay any reasonable and documented attorneys' fees and expenses incurred by her in connection with such cooperation.

    c.  <u>Representation of Non-Disclosure.</u>  Dhue represents and warrants that she has not disclosed the substance of her Complaint or the underlying matters alleged therein to any third party, including without limitation, any reporter, publisher, agent or any other source (other than to her counsel and to Ellyn M. Caruso). Dhue's counsel, John G. Balestriere and Carmen D. Caruso, on behalf of themselves and

5

their respective law firms, and Ellyn M. Caruso, represent and warrant that they have not disclosed the substance of the Complaint or the underlying matters alleged in the Complaint to any third party (third party does not include staff at Dhue's counsels' law firms, provided that such staff has kept, and agrees to keep, the substance of the Complaint or the underlying matters alleged therein confidential). Dhue, her counsel, and Ellyn M. Caruso agree to keep the substance of the Complaint and any and all information relating to Dhue's claims or potential claims strictly confidential.

  d. <u>No-Rehire/Covenant Not To Sue</u>.  Dhue agrees that she will not seek to be re-hired or re-employed by ▓, any entity affiliated with ▓ in any capacity, or any current employee of ▓ or any entity affiliated with ▓, and that she will not raise her failure to be re-hired or re-employed by ▓ any ▓ affiliate or any employee of either, as a basis to pursue any claim, action or proceeding against ▓ or any person or entity currently or formerly affiliated with ▓.

  e. <u>Return of Property</u>.  Dhue agrees that she has returned all ▓ property in her custody, possession or control, including but not limited to any personal computers, computer disks, work files, memoranda, notes, records and other documents made or compiled by Dhue, or made available to her during the time she provided any services to ▓.

  f. <u>Assignment</u>.  Dhue shall make no assignment of any Released Actions, and Dhue represents that no such assignment has been made.

**6.** **PROMISES OF THE PARTIES**:

  a. <u>No Admission of Wrongdoing</u>:  The Parties agree that this Agreement is not to be construed as an admission, by either, of any wrongdoing.

  b. <u>Full and Independent Knowledge</u>:  The Parties represent and agree that they had the opportunity to thoroughly discuss all aspects of this Agreement with their respective attorneys, that they have carefully read and fully understand all of the provisions of this Agreement, that they have been given a reasonable period of time to consider this Agreement, and that they are voluntarily entering into this Agreement.

  c. <u>Supplemental Documentation</u>:  The Parties agree to cooperate fully and to execute any and all supplementary documents and to take all additional actions that may be necessary or appropriate to give full force to the basic terms and intent of this Agreement and which are not inconsistent with its terms.

  d. <u>Confidentiality of this Agreement</u>:  Neither Dhue, her legal counsel, her financial advisor, her mental health professional, nor any other person acting on her behalf, on the one hand, nor ▓ its legal counsel nor any other person(s) acting on its behalf, on the other hand, shall disclose to any person the contents of this Agreement or the facts or allegations that gave rise to this Agreement.  If asked, Dhue and her legal counsel, and ▓ and its legal counsel, may say only "The matter

6

has been resolved," or "no comment" without elaboration.  Notwithstanding the foregoing, however, Dhue and her counsel and ▇ and its counsel, shall not be prohibited from making such disclosures of these matters to any person who has a legal or contractual necessity to know (including ▇'s insurers and auditors) or as required by legal process, but shall specifically make best efforts to prevent those persons from repeating those disclosures to any other person.

    e.    <u>Non-disparagement</u>:  ▇ agrees that it shall not, directly or indirectly, by itself or through any person, disparage, trade libel or otherwise defame Dhue, and Dhue agrees that she shall not, directly or indirectly, by herself or through any other person, disparage, trade libel, or otherwise defame ▇ and/or any of its officers and/or any of its current and/or former employees.  For the avoidance of doubt, nothing in this Paragraph or this Agreement precludes Dhue or any of the ▇ Released Parties from supplying truthful information to any governmental authority or in response to any lawful subpoena or other legal process.

**7.     GENERAL**:

    a.    <u>Choice of Law</u>:  This Agreement is to be construed pursuant to the substantive laws of the State of New York without regard to conflict of law principles.

    b.    <u>Invalid Agreement Provisions</u>:  Should any provision of this Agreement become or be held to be legally unenforceable, excepting only the release contained in paragraph 4(a), no other provision of this Agreement shall be affected, and this Agreement shall be construed as if the Agreement had never included the unenforceable provision.

    c.    <u>No Other Agreements</u>: This Agreement represents the full agreement between Dhue and ▇ and this Agreement supersedes any other agreements, oral or written, regarding any Released Action, or an appeal of a Released Action.  In signing this Agreement, neither Dhue nor ▇ rely upon any promise, representation of fact or law, or other inducement that is not expressed in this Agreement.  This Agreement may be modified only by written agreement of Dhue and ▇ and may not be modified by any oral agreement.

    d.    <u>Practices Inconsistent with this Agreement</u>:  No provision of this Agreement shall be modified or construed by any practice that is inconsistent with such provision, and failure by either Dhue or ▇ to comply with any provision, or to require any of the others to comply with any provision, shall not affect the rights of anyone to thereafter comply or require the others to comply.

    e.    <u>Construction of Agreement</u>:  This Agreement is deemed to have been drafted jointly by Dhue and ▇.  Any uncertainty or ambiguity shall not be construed for or against Dhue or ▇ based on attribution of drafting to either.

    f.    <u>Contents of Agreement</u>:  This Agreement consists of 8 pages.

g. **Dispute Resolution.** Any dispute arising from this Agreement shall be submitted to Judge Maas at first for confidential mediation, and if unsuccessful, for final binding non-appealable arbitration by Judge Maas at JAMS. Any such arbitration shall take place pursuant to JAMS's Comprehensive Arbitration Rules and Procedures. For the avoidance of doubt, this includes any dispute arising under paragraph 3(a)(iii)-(iv) in which ▮ asserts that it has been relieved of its obligation to make payment of the $600,000 referenced therein. Judge Maas may award the prevailing party attorneys' fees associated with arbitration of any dispute brought hereunder.

8. **EFFECTIVE DATE OF THIS AGREEMENT**: After execution by the Parties, this Agreement shall become effective on the eighth day after it is signed by Dhue, provided she has not earlier revoked it (the "Effective Date").

Dated: 1·20·17        _____
                      Laurie Dhue

Dated: _____    ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

                      By:_____
                      Title:_____

**As to Paragraph 5(c) only**

Dated: _____    _____
                      Ellyn M. Caruso

Dated: _____    _____
                      Carmen D. Caruso
                      Carmen D. Caruso Law Firm

Dated: _____    _____
                      John G. Balestriere
                      Balestriere Fariello

8

g. <u>Dispute Resolution</u>. Any dispute arising from this Agreement shall be submitted to Judge Maas at first for confidential mediation, and if unsuccessful, for final binding non-appealable arbitration by Judge Maas at JAMS. Any such arbitration shall take place pursuant to JAMS's Comprehensive Arbitration Rules and Procedures. For the avoidance of doubt, this includes any dispute arising under paragraph 3(a)(iii)-(iv) in which ▮ asserts that it has been relieved of its obligation to make payment of the $600,000 referenced therein. Judge Maas may award the prevailing party attorneys' fees associated with arbitration of any dispute brought hereunder.

8. **EFFECTIVE DATE OF THIS AGREEMENT**: After execution by the Parties, this Agreement shall become effective on the eighth day after it is signed by Dhue, provided she has not earlier revoked it (the "Effective Date").

Dated: _____          _____
                               Laurie Dhue

Dated: _____          ▮▮▮▮▮▮▮▮▮▮

                               By:_____
                               Title:_____

**As to Paragraph 5(c) only**

Dated: 1/20/17                 _____
                               Ellyn M. Caruso

Dated: 1/20/17                 _____
                               Carmen D. Caruso
                               Carmen D. Caruso Law Firm

Dated: _____          _____
                               John G. Balestriere
                               Balestriere Fariello

8

g. <u>Dispute Resolution</u>. Any dispute arising from this Agreement shall be submitted to Judge Maas at first for confidential mediation, and if unsuccessful, for final binding non-appealable arbitration by Judge Maas at JAMS. Any such arbitration shall take place pursuant to JAMS's Comprehensive Arbitration Rules and Procedures. For the avoidance of doubt, this includes any dispute arising under paragraph 3(a)(iii)-(iv) in which ▇ asserts that it has been relieved of its obligation to make payment of the $600,000 referenced therein. Judge Maas may award the prevailing party attorneys' fees associated with arbitration of any dispute brought hereunder.

8. **EFFECTIVE DATE OF THIS AGREEMENT**: After execution by the Parties, this Agreement shall become effective on the eighth day after it is signed by Dhue, provided she has not earlier revoked it (the "Effective Date").

Dated: _____   _____
                        Laurie Dhue

Dated: _____   ▇▇▇▇▇▇▇▇▇▇▇▇▇▇

                        By:_____
                        Title:_____

**As to Paragraph 5(c) only**

Dated: _____   _____
                        Ellyn M. Caruso

Dated: _____   _____
                        Carmen D. Caruso
                        Carmen D. Caruso Law Firm

Dated: 1/20/2017        _____
                        John G. Balestriere
                        Balestriere Fariello

8